IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD LEWIS MICKEL, JR.,           )
                Petitioner,         )        Civil Action No. 1:14-cv-297
        v.                          )
                                    )        Magistrate Judge Susan Paradise Baxter
PENNSYLVANIA BOARD OF               )
PROBATION AND PAROLE, et al.,       )
                Respondents.        )

## OPINION[1]

Presently before the Court is a petition for a writ of habeas corpus filed by Petitioner,

Ronald Lewis Mickel, Jr. pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's

request for habeas relief is denied and a certificate of appealability is denied.


## I.

### A.     Background

Respondents have established the following facts in their answer to the petition and the exhibits

attached thereto. Petitioner was convicted in two criminal cases in the Court of Common Pleas of Erie

County and after his latter conviction in 1991 he was subject to an aggregate term of imprisonment of

10 ½ to 24 years. The original minimum sentence date for this aggregate term was February 25, 2001,

and the maximum date was August 25, 2014.

The Pennsylvania Board of Probation and Parole (the "Board") granted Petitioner parole for the

first time on April 20, 2001. He violated his parole, was recommitted, and then reparoled on several

occasions. By 2008, Petitioner was on parole and on June 11, 2008, he was charged with Indirect

---

[1]      In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a
U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

Criminal Contempt in the Court of Common Pleas of Erie County. The court found him guilty on June 25, 2008, and sentenced him to a term of six months of probation.

Petitioner absconded from parole supervision staff thereby causing the Board to declare him delinquent effective August 29, 2008. The Board arrested him shortly thereafter and conducted a violation/revocation hearing on September 15, 2008, to determine if his parole should be revoked. Following the hearing, the Board recommitted Petitioner as both a technical and convicted parole violator by a decision mailed on November 17, 2008. The Board also notified Petitioner that his parole violation maximum sentence date was now June 14, 2019. [ECF No. 6-4 at 2, Notice of Board Decision, Resp's Ex. 16]. Respondents explain that that the Board's calculation reflects that Petitioner forfeited a total of 1751 days at liberty on parole. [ECF No. 6-2 at 6, Declaration of Rachel MacNamara, ¶ 26; ECF No. 6-4 at 5-6, Order to Recommit, Resp's Ex. 17].

Petitioner, through his attorney, Tina M. Fryling, Esquire, submitted an administrative appeal objecting to the Board's November 17, 2008, decision. [ECF No. 6-4 at 8, Administrative Review Request, Resp's Ex. 18]. On February 17, 2009, the Board mailed a response in which it affirmed its challenged decision. [ECF No. 6-4 at 11-12, 2/17/09 Board Response, Resp's Ex. 19].

Petitioner, through Attorney Fryling, filed an appeal of the Board's decision to the Commonwealth Court of Pennsylvania. On September 30, 2010, the Commonwealth Court issued its decision in which it affirmed the Board's order. [ECF No. 6-4 at 19-23, Mickel v. Pennsylvania Bd. of Probation and Parole, No. 465 C.D. 2009, slip op. (Pa.Commw.Ct. Sept. 30, 2010), Resp's Ex. 21]. Petitioner did not file a petition for allowance of appeal of this decision with the Supreme Court of Pennsylvania. His time to do so expired 30 days later, on or around on November 1, 2010. Pa.R.A.P. 1113.

The Board paroled Petitioner for a fourth time on June 14, 2010. He is currently on parole and his maximum sentence date remains June 14, 2019. In his petition for a writ of habeas corpus, Petitioner challenges the Board's November 17, 2008, action and its calculation of his maximum sentence date. He specifically argues that the Board has violated the Double Jeopardy Clause. [ECF No. 1]. In their Answer [ECF No. 6], Respondents contend that Petitioner's habeas claim is both untimely and procedurally defaulted. Petitioner did not file a reply. <u>See</u> Local Rule 2254(E)(2) ("the petitioner may file a Reply … within 30 days of the date the respondent files its Answer.").

**B.**   **<u>Discussion</u>**

**1.**   **Petitioner's Claim Is Untimely**

Respondents are correct that Petitioner's habeas claim is untimely. AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that AEDPA's limitation period beginning to run on the date the challenged decision by the Board became final, which, as set forth above, was November 1, 2010. Therefore, Petitioner had until on or around November 1, 2011, to file a timely habeas petition with this Court. He did not file the instant petition until the end of 2014. Because he did not, his petition is untimely by several years.

Based upon all of the foregoing, Petitioner's habeas claim is denied because it is untimely under AEDPA's one-year statute of limitations.[2]

## 2.     Petitioner's Claim Is Procedurally Defaulted

Respondents are also correct that Petitioner's habeas is procedurally defaulted because he failed to exhaust his available state court remedies. The "exhaustion doctrine" requires that a petitioner challenging his state custody must raise his federal constitutional claims in state court through the proper procedures before he litigates them in a federal habeas petition. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) ("[i]t is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts.") (citing 28 U.S.C. § 2254(b)(1)(A)). It is "grounded in principles of comity; in a federal system,

---

[2]     The U.S. Supreme Court has held that AEDPA's statute-of-limitations period "is subject to *equitable tolling* in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010) (emphasis added). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). There is nothing in the record to suggest that this case is the rare one in which equitable tolling would apply.

the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights[,]" Coleman v. Thompson, 501 U.S. 722, 731 (1991), and "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The Supreme Court has held that a petitioner must have "invoke[d] *one complete round of the State's established appellate review process*[,]" in order to satisfy the exhaustion requirement. O'Sullivan, 526 U.S. at 845 (emphasis added). It is not sufficient for the petitioner to merely show that he raised his federal constitutional claim to a state court at some point. Id.; see, e.g., Ellison v. Rogers, 484 F.3d 658, 660-62 (3d Cir. 2007) (the petitioner's claims of ineffective assistance were not exhausted properly even though he had raised those claims on direct review, because state law required that ineffective assistance claims be raised in state post-conviction review, and the petitioner had not sought such review).

To exhaust properly a federal constitutional claim regarding a Board decision, Petitioner was required to first seek administrative review with the Board itself. 37 Pa. Code § 73.1. He completed that step. After the Board denied his appeal, Petitioner was required to file an appeal of the Board's decision with the Commonwealth Court. 42 Pa.C.S. § 763(a). He completed this step as well. After the Commonwealth Court affirmed the Board's decision, Petitioner was required to pursue an appeal with the Supreme Court of Pennsylvania before he could raise his claims in a federal habeas petition. Pa.R.A.P. 1114; Williams v. Wynder, 232 F.App'x 177, 179-80 (3d Cir. 2007). Petitioner did not complete this required step.

Because Petitioner did not pursue an appeal with the Supreme Court of Pennsylvania, he did not "invoke[] *one complete round of the State's established appellate review process*[,]" and, as a result, did not exhaust properly his habeas claim. O'Sullivan, 526 U.S. at 845. Therefore, his claim is procedurally defaulted for the purposes of federal habeas review. See, e.g., Lines v. Larkins, 208 F.3d 153, 16069 (3d

Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the

doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at

730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance

with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes,

433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.[3]

Based upon all of the foregoing, Petitioner's habeas claim is denied because, in addition to being

untimely, it is procedurally defaulted.

## C.        Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a

certificate of appealability for appellate review of a district court's disposition of a habeas petition. It

provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial

showing of the denial of a constitutional right." "When the district court denies a habeas petition on

procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of

appealability] should issue when the prisoner shows, at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v.

McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it

---

[3]        A petitioner whose habeas claim is procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, i.e., that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." See, e.g., Coleman, 501 U.S. at 750; Martinez v. Ryan, — U.S. — , 132 S.Ct. 1309, 1316-21 (2012); Murray v. Carrier, 477 U.S. 478, 488, 494 (1986). Petitioner has not met his burden of establishing either "cause" or "actual prejudice." Another exception to the procedural default doctrine is the "miscarriage of justice" exception. It provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). The "miscarriage of justice" exception only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Schulp, 513 U.S. at 316. This is not one of the rare cases in which the fundamental miscarriage of justice rule is implicated.

debatable whether Petitioner's claim for habeas relief should be denied. Accordingly, a certificate of appealability is denied.

## II.

For the reasons set forth above, Petitioner's request for habeas relief is denied and a certificate of appealability is denied. An appropriate Order follows.


/s/ Susan Paradise Baxter

Dated: April 19, 2016                    SUSAN PARADISE BAXTER
                                         United States Magistrate Judge